UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL FERMIN, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-15-0907 |
| | : | |
| BRION V. COLEMAN, | : | (Judge Caldwell) |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.  *Introduction*

On May 3, 2015, the pro se petitioner, Rafael Fermin,[1] an inmate at the state correctional institution at Fayette, LaBelle, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition challenges his 1992 convictions and sentence in the Court of Common Pleas of York County, Pennsylvania.

For the reasons set forth below, the petition will be denied as untimely under the one-year statute of limitations for filing section 2254 petitions.

II.  *Background and Procedural History*

Petitioner was charged in two cases with the same two offenses but committed in separate incidents: possession with intent to deliver and conspiracy to commit possession with intent to deliver. On July 12, 1991, Fermin entered guilty pleas under both docket numbers. *Commonwealth v. Conejero*, CP-67-CR-1000-1991 and CP-67-CR-0658-

---

[1] Fermin is also known as Angelito Conejero. *See* http://inmatelocator.cor.state.pa.us.

1991 (Pa. Ct. Com. Pl. York Cnty.).[2]  At sentencing, Fermin requested to withdraw his pleas, but that request was denied, and on August 22, 1991, he was sentenced to five to ten years.   After sentencing, he filed a motion reiterating his request to withdraw the pleas.  On October 17, 1991, a hearing was held and Fermin's motion was denied.  (Doc. 12, ECF p. 2).

On June 12, 1992, Fermin filed a motion seeking permission to file a petition under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Cons. Stat. Ann. § 9541-9546.  Following an August 11, 1992, hearing on his petition, Fermin was permitted to withdraw his guilty pleas and his sentence was vacated.

On October 26, 1992, Fermin again entered guilty pleas to the charges in both cases.  He was sentenced the same day and again received a five- to ten-year sentence.  No direct appeal was filed.  Fermin did not file a second PCRA petition.

Fermin commenced serving his state time and ultimately was paroled by the Pennsylvania Board of Probation and Parole.  While on parole, Fermin was prosecuted on federal charges.  *See United States v. Fermin*, 1:00-CR-00270 (M.D. Pa. June 25, 2001).  In the federal case, Fermin pled guilty to unlawful distribution of an unspecified amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 204 months' imprisonment.  Based on his federal charges, Fermin was found guilty of violating his parole on his state convictions and received a sentence of eighteen months in each case.  The sentences were ordered to run consecutively.  (Doc. 12, ECF p. 4).

---

[2]  The court takes judicial notice of the trial court's docket sheets, available via Pennsylvania's Unified Judicial Docket System, docket research at: http://ujsportal. pacourts.us.

On March 1, 2007, Fermin filed a motion to amend or modify his sentence with the state sentencing court, asking that his state sentence run concurrently with the federal sentence he was serving. (*Id.*) His motion was denied on March 27, 2007. (*Id.*) Fermin then filed a PCRA petition on April 27, 2015, which was denied without a hearing on June 2, 2015. (*Id.*)

Under the prison mailbox rule, *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003), Fermin filed his section 2254 petition on May 3, 2015. (Doc. 1). A show-cause order was issued. (Doc. 7). Respondent then filed a motion to dismiss the petition as untimely. (Doc. 12). Fermin failed to file a reply. Thus, the court considers whether the petition is timely.

III.  *Discussion*

   A.  *Relevant Law*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which modified the procedures for habeas corpus proceedings in federal court. The habeas corpus amendments impose a one-year statute of limitations for Section 2254 habeas petitions. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* This language applies to the right to seek certiorari review in the United States Supreme Court and means that the judgment does not become final until the ninety-day period for seeking

such review expires, even if review is not sought. *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

For pre-AEDPA convictions, which include those cases in which a prisoner's conviction became final before April 24, 1996, a state prisoner had a year from the effective date of the AEDPA, or until April 24, 1997, to seek federal habeas relief. *Engel v. Hendricks*, 153 F. App'x 111, 112-113 (3d Cir. 2005)(nonprecedential)(citing *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Wilson v. Beard*, 426 F.3d 653, 662 & n.6 (3d Cir. 2005); and *Douglas v. Horn*, 359 F.3d 257, 261-63 & n.5 (3d Cir. 2004)).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). An untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas, supra,* 359 F.3d at 262.

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary

4

circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010).  The diligence required for equitable tolling is reasonable diligence, not maximum, extreme or exceptional diligence. *Holland*, 560 U.S. at 2565, 130 S.Ct. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999).  The determination is made on a case-by-case basis.  *Ross v. Varano,* 712 F.3d 784, 799 (3d Cir. 2013). Extraordinary circumstances have been found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum.  *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008); *Jones,* 195 F.3d at 159.

There is also an equitable exception to the statute of limitations established in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013).  In *McQuiggin,* the Supreme Court held that a convincing claim of actual innocence overcomes the bar of the statute of limitations.  *Id.* at ___, 133 S.Ct. at 1928.  On an actual innocence claim, "a petitioner must demonstrate two things. . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup [v. Delo* ], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995].  Second, a petitioner must show by a preponderance of the evidence, "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' *Id.* at 327, 115 S.Ct. at 867." *Houck v. Stickman,* 625 F.3d 88, 93 (3d Cir. 2010).  The court examines not just the new

evidence but the old evidence as well. *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir. 2002).

      B.     *The Petition is Time-Barred*

Fermin's judgment of conviction became final on Wednesday, November 25, 1992, the expiration of the thirty-day period for filing a direct appeal with the Superior Court of Pennsylvania. Accordingly his federal habeas limitations period began running on this pre-AEDPA conviction at the beginning of the one-year grace period of April 24, 1996, and Fermin had until April 24, 1997, to file his petition. *See Engel, supra,* 153 F. App'x at 112-113. Here, the federal petition was not filed until May 3, 2015, and it thus appears to be untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken. *Jenkins v. Supt. of Laurel Highlands*, 705 F.3d 80, 84-85 (3d Cir. 2013).

As there was no application for state postconviction or other collateral relief with respect Fermin's judgment pending within one year of April 24, 1996, the statute of limitations was not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). Further, as Fermin did not file a brief addressing the Respondent's assertion that his Petition is untimely, he completely fails to advance any arguments concerning the timeliness of his petition, or identify any basis for equitable tolling of the limitations period or an equitable exception to the statute of limitations.

We will therefore deny the petition for writ of habeas corpus as untimely.

IV.  *Certificate of Appealability*

The court will issue an order denying Fermin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Fermin is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the appropriate court of appeals.  *See* Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

An appropriate order follows.

/s/ William W. Caldwell<br>William W. Caldwell<br>United States District Judge

Date:  October 15, 2015